IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX C. BELL, JR.,

      Plaintiff,                      No. 2:09-cv-0779 JFM

     vs.

GC SERVICES LIMITED
PARTNERSHIP, etc., et al.,

      Defendants.              <u>ORDER</u>

_____/

        The parties have consented to proceed before the undersigned for all purposes. <u>See</u> 28 U.S.C. § 636(c). This is an action for damages for violation of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq.)("FDCPA"). Presently calendared for hearing on July 2, 2009, is plaintiff's motion for protective order. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

        Plaintiff seeks a protective order allowing him to delay providing defendant a copy of a voicemail recording of an employee of defendant, until after employee depositions are completed. Plaintiff concedes that defendant is entitled to a copy of the recorded voicemail left on the phone of plaintiff on June 3, 2008. Fed. R. Civ. P. 26(b)(3)(C). Plaintiff contends,

however, that because defendant denied the allegations of racial slur and obscenities in its answer, plaintiff needs "to ensure the untainted testimony of GC Services employees and need[s] to preserve [plaintiff's] right to impeach those statements outweighs the defendant's need to review the recording prior to the deposition of the defendant's employees." (Joint Stmt. at 5.) Plaintiff asks the court to exercise its discretion and allow plaintiff to delay production of the recording and its contents until ten days after the completion of the defendant's most knowledgeable person and all percipient witnesses. (Id.)

Defendant argues that "an identical motion has been expressly rejected by the United States District Court, Northern District of California in *Fausto v. Credigy Services Corp.*, 251 F.R.D. 436 (N.D. Cal. 2008)." (Joint Stmt. at 5-6.) Defendant contends plaintiff has failed to show good cause for the protective order, and equity and fairness concerns weigh against granting plaintiff's motion. (Id.)

> A court may issue a protective order only after the moving party demonstrates that good cause exists for protecting the material. Fed. R. Civ. P. 26(c). The moving party has the burden of showing a particular need for protection under Rule 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.1992) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986)).

Fausto v. Credigy Services Corp., 251 F.R.D. 436, 437-38 (N.D. Cal. 2008)(consumers not entitled to delay producing their recorded telephone conversations until they completed debt collector's employees' depositions); Rofail v. United States, 227 F.R.D. 53 (E.D. N.Y. 2005) (motion to stay production of seaman's prelitigation statement until after his deposition denied).

This court finds the reasoning of the Fausto court to be persuasive. Plaintiff, like Fausto, failed to provide any factual support that defendant might "tailor its testimony to conform with previously recorded statements." Id., 251 F.R.D. at 438. Plaintiff's conclusory allegations are insufficient to establish good cause under Fed. R. Civ. P. 26(c). Moreover, the Federal Rules

/////

of Civil Procedure promulgate the liberal exchange of relevant discovery; it would be unfair to delay defendant's access to the voicemail recording because

> [w]ithout the recording, defendant could not "verify the existence and the contents of the audio recording before subjecting itself and its representatives to a potentially misleading examination."

Fausto, 251 F.R.D. at 439, quoting Stamps v. Encore Receivable Mgmt., Inc., 232 F.R.D. 419, 420, 424 (D.Ga. 2005). Indeed, disclosure of the recording may assist defendant in identifying the employee to produce for deposition.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 2, 2009 hearing is vacated; and

2. Plaintiff's June 9, 2009 motion for protective order is denied. Plaintiff shall produce a copy of the recorded voicemail within ten days from the date of this order.

DATED: June 16, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; bell.mpo